### LIPFERT v. MALLER.

(Supreme Court, Appellate Term.   November 24, 1908.)

COURTS (§ 189*)—MUNICIPAL COURTS—PROCESS—JURISDICTION OF THE PERSON.
    The fact that an alias summons is issued from a district of a municipal court which is not the district from which the original summons and other aliases were issued does not affect the jurisdiction of the original district of the person of the defendant, where there is no proof that the last alias summons was the one served on defendant.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action between William Lipfert and Osias Maller. From the judgment rendered, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Max Brown, for appellant.
Putney, Twombly & Putney, for respondent.

GILDERSLEEVE, P. J. The defendant appeals from a judgment entered against him in favor of the plaintiff upon the ground that the court below obtained no jurisdiction over his person. The lack of

jurisdiction in the court below is based upon the alleged fact, as stated before the trial court, when defendant's counsel made his motion to dismiss the proceedings, and to vacate the judgment, that the copy of the summons served upon the defendant was apparently issued out of the Second District Municipal Court and signed by the clerk of that district, when the action had been brought in the First District Municipal Court and the previous alias summons had been issued by the clerk of the first district. The original summons filed in court with proof of service thereon was issued out of the proper district, and signed by the proper clerk. In support of defendant's contention, he had marked in evidence a summons and several alias summons of which the last one was issued out of the second district and signed by the clerk of that district; but, as to whether or not that summons was the summons served upon the defendant herein, there is no proof whatever. Had the defendant testified that such copy summons was served, and that none other had been served upon him in this action, there would be force in defendant's contention, but, in the absence of proof of that nature, the affidavit of the process server that he served a summons upon the defendant by leaving with him a true copy of the original and said original summons being correct in all respects stands uncontradicted, and the court acquired jurisdiction thereby.

Judgment affirmed, with costs. All concur.